UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL C. DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-00582 (APM) |
| | ) | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

In this action, brought under the Americans with Disabilities Act ("ADA"), Plaintiff Michael C. Davis alleges that Defendant Washington Metropolitan Area Transit Authority ("WMATA") failed to provide reasonable accommodation for injuries that he suffered on the job and retaliated against him for seeking such accommodation. *See* ECF No. 1, Notice of Removal, Compl., ECF No. 1-2, at 4–6. Defendant moves to dismiss Plaintiff's complaint on the ground that Defendant is immune from suit under the Eleventh Amendment. *See* Mot. to Dismiss, ECF No. 3, Mem. in Support, ECF No. 3-1, at 1. Plaintiff, who is proceeding pro se, did not file an opposition, even after the court issued the required *Fox* order. *See* Order, ECF No. 6.

The court agrees that this matter must be dismissed for lack of subject matter jurisdiction. Courts in this jurisdiction consistently have held that WMATA enjoys immunity from suit for money damages under the ADA. *See, e.g., White v. WMATA*, No. 17-cv-0735 (TSC), 2018 WL 1583313, at *3 (D.D.C. March 31, 2018); *see also McFadden v. WMATA*, 949 F. Supp. 2d 214, 219–20 (D.D.C. 2013) (citing cases); *cf. Board of Trustees of the U. of Ala. v. Garrett*, 531 U.S. 356, 370–74 (holding that states are immune from suit under Title I of the ADA); *Jones v. WMATA*,

205 F.3d 428, 432–33 (D.C. Cir. 2000) (holding that WMATA is immune from suit for money damages under the Age Discrimination in Employment Act).  Plaintiff, therefore, cannot maintain an action for money damages under the ADA against Defendant.

Accordingly, the court grants Defendant's Motion to Dismiss and dismisses this action. The court's dismissal is without prejudice, however, as Plaintiff's Complaint does not specify whether he seeks equitable relief, which, if properly pleaded against a proper party, would not be barred by the Eleventh Amendment.  *See White*, 2018 WL 1583313, at * 3.

This is a final, appealable order.

Dated:  May 1, 2018                    Amit P. Mehta
                                                           United States District Judge